UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RICARDO GARCIA,<br>ARIANNA ROSALES,<br>RAUL ZARAGOZA ARELLANO,<br>and EXMERALDA GARCIA,<br><br>    Defendants. | NO. CR-13-2092-LRS-8<br>NO. CR-13-2092-LRS-11<br>NO. CR-13-2092-LRS-15<br>NO. CR-13-2092-LRS-21<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL** |

**BEFORE THE COURT** is Defendant Exmeralda Garcia's Motion For Judgment of Acquittal or New Trial, ECF No. 1763, filed in CR-13-2092-21 on April 20, 2015. Co-defendants Ricardo Garcia, Arianna Rosales, Raul Zaragoza Arellano joined in the motion. For the reasons stated on the record, and supplemented herein, Defendant Exmeralda Garcia's Motion For Acquittal or New Trial, ECF No. 1763, is respectfully denied.

Based on case law, jury instructions given, and the evidence that was presented at trial, Defendants have

**ORDER - 1**

not met their burden of showing that no jury could find Defendants guilty, beyond a reasonable doubt, of the single conspiracy charged in the indictment of theft from a gaming establishment in excess of $1000.00. "A single conspiracy exists, as compared with multiple conspiracies, where there is one overall agreement to perform various functions to achieve the objectives of the conspiracy." *United States v. Patterson*, 819 F.2d 1495, 1502 (9th Cir. 1987) (quotations and citations omitted). "A single conspiracy may include subgroups and subagreements." *Id*. In contrast, "multiple conspiracies require some evidence of separate agreements and purposes." *United States v. Taren-Palma*, 997 F.2d 525, 530 (9th Cir. 1993), overruled on other grounds by *United States v. Shabani*, 513 U.S. 10, 15 (1994). It is not necessary that each conspirator "have personal knowledge of each and every actor in the conspiracy, and every act taken in furtherance of the conspiracy" to conclude that the conspirator shares the conspiracy's common purpose. *United States v. Daychild*, 357 F.3d 1082,1098 (9th Cir. 2004).

    Further, the Court finds that the Fed. R. Evid. 404(b) evidence regarding the previously rigged "Hot Seat Promotion" was properly admitted, and the government proved Defendant Exmeralda Garcia was fully aware of the conspiracy and others' involvement. The government elicited evidence of her relationship to

**ORDER - 2**

Ricardo Garcia and Arianna Rosales.  Additionally, Ximena Prieto testified she was in the car with Arianna Rosales when Rosales told preselected winner Prieto that "a lot of people" had enabled her to win and that she had to kick back the majority of her winnings to pay those people.  Prieto testified that when she expressed concerns about the situation in the presence of Defendant Exmeralda Garcia, she [Defendant Exmeralda Garcia] explained she had won before and nothing had happened.

Accordingly,

**IT IS HEREBY ORDERED:**

1. Defendant Exmeralda Garcia's Motion For Acquittal or New Trial, **ECF No. 1763,** is respectfully **DENIED.**

2. Defendant Ricardo Garcia's Motion for Joinder, **ECF No. 1778,** filed in 13-CR-2092-8-LRS, is **GRANTED;**

3. Defendant Arianna Rosales's expedited Motion for Joinder, **ECF Nos. 1780, 1781,** filed in 13-CR-2092-11-LRS, are **GRANTED.**

4. Defendant Raul Zaragoza Arellano's Motion for Joinder, **ECF No. 1768,** filed in 13-CR-2092-15-LRS, is **GRANTED.**

///
///
///
///

**ORDER - 3**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 21st day of May, 2015.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
Senior United States District Judge

**ORDER - 4**